IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ARTHUR T. GRIFFIN JR., | |
| Petitioner, | 8:23CV130 |
| vs. | |
| MICHEAL-MEYERS, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the Court on initial review of Petitioner Arthur T. Griffin Jr.'s ("Griffin") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. Filing No. 1. The Court conducts this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the Court to apply Rule 4 of those rules to a section 2241 action. For the reasons discussed below, the Court will dismiss the petition without prejudice.

In his petition filed on April 3, 2023, Griffin alleged he was a pretrial detainee confined in the Douglas County Correctional Center ("DCCC") pursuant to a "6 month or more misdemeanor" charge in "CR23-3447." Filing No. 1 at 1–2. Liberally construed, Griffin alleged that he was being held in violation of the Constitution, laws, or treaties of the United States due to a lack of probable cause to support his arrest. *Id.* at 6. As relief, Griffin seeks a "mandamus award or tremble [sic] damages award." *Id.* at 7 (punctuation omitted).

Griffin's state court records, available to this Court online, reveal that, on July 7, 2023, a trial was held at which Griffin was found guilty of trespass and assault on a

public safety officer with bodily fluid. Griffin was sentenced that same day to 270 days' jail on each count to be served concurrently.[1] On July 31, 2023, Griffin contacted the Clerk of the Court by telephone and stated he had been released from custody, though he has not filed a notice of his updated address with the Court. The DCCC's online public inmate records also indicate that Griffin is no longer in custody there.[2]

> As the Eighth Circuit Court of Appeals has explained,
>
> "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir.2000); *see* U.S. Const. art. III, § 2, cl. 1. "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Id.* (quoting *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir.1994) (alteration in original)); *see also Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (stating an action becomes moot where it "no longer present[s] a case or controversy under Article III"). If an issue is moot in the Article III sense, we have no discretion and must dismiss the action for lack of jurisdiction. *See Powell v. McCormack*, 395 U.S. 486, 496 n. 7, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

*Ali v. Cangemi*, 419 F.3d 722, 723–24 (8th Cir. 2005).

Because Griffin has been convicted, his challenge to his pretrial detention is moot. *See Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) ("Once Mr. Jackson was convicted, the claims concerning his pre-trial confinement became moot."); *Williams v. Slater*, 317 Fed.Appx. 723, 724–25 (10th Cir. 2008); *Yohey v. Collins*, 985

---

[1] The Court takes judicial notice of the state county court records related to this case in *State v. Arthur Griffin Jr*, No. CR23-3447, County Court of Douglas County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi. Relevant state court records are attached to this Memorandum and Order.

[2] *See* https://corrections.dccorr.com/inmate-locator (last viewed Aug. 8, 2023) (no search results for Arthur Griffin).

F.2d 222, 228–29 (5th Cir. 1993) ("[C]laims for federal habeas relief for pretrial issues are mooted by Yohey's subsequent conviction."); Thorne v. Warden, Brooklyn House of Detention for Men, 479 F.2d 297, 299 (2d Cir. 1973); Medina v. California, 429 F.2d 1392, 1393 (9th Cir. 1970).  Moreover, the case is moot because Griffin was released from the DCCC and is no longer in custody pursuant to the criminal action challenged in his petition.  See McGill v. Mukasey, No. 8:08CV345, 2009 WL 277556, at *1 (D. Neb. Feb. 5, 2009) (finding habeas petition moot where petitioner was released from custody, there was no continuing injury traceable to the respondents, and court could not issue any decision which would further the relief sought by the petitioner).  For the sake of completeness, the Court also notes that Griffin's requested relief of damages is not available in a federal habeas corpus proceeding.  Preiser v. Rodriguez, 411 U.S. 475, 494 (1973) ("If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus.  In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.").

Finally, because "the detention complained of arises from process issued by a state court," Griffin must obtain a certificate of appealability.  See 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); see also Hoffler v. Bezio, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability).  The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in Slack v. McDaniel, 529 U.S. 473, 484–85

(2000). The Court has applied the appropriate standard and determined that Griffin is not entitled to a certificate of appealability.

      IT IS THEREFORE ORDERED that:

      1.      The petition for writ of habeas corpus, Filing No. 1, is dismissed without prejudice. No certificate of appealability has been or will be issued.

      2.      The Court will enter judgment by separate document.

      3.      Petitioner's pending motions, Filing No. 10; Filing No. 11; Filing No. 12, are denied as moot.

      4.      The Clerk of the Court is directed to send a copy of this Memorandum and Order and Judgment to Petitioner at the address the Court has on file and to the following address: Sienna Francis House Men's Shelter, 1117 North 17th Street, Omaha, NE 68102.

      Dated this 9th day of August, 2023.

      BY THE COURT:

      *Joseph F. Bataillon*
      Joseph F. Bataillon
      Senior United States District Judge

```
Image ID: F00356250C01          JOURNAL ENTRY AND ORDER
```

IN THE COUNTY COURT OF DOUGLAS COUNTY, NEBRASKA

ST V. ARTHUR GRIFFIN JR                    Printed on   7/07/2023 at 10:44
                                                                  Room 01C27
Case ID:  CR 23   3447                                            Page   1
Citation: K  1193846                        Date of Hearing  7/07/2023
================================================================================

CHARGES(AMENDMENTS/PLEAS/FINDINGS/FINES/PRESENTENCE/JAIL/DISMISSALS)

| CHARGE | STATUTE | DESCRIPTION | CLASS | TYPE |
|---|---|---|---|---|
| 01 | 20-154 | TRESPASS | | MSD |
| | | Found: Guilty    Jail: 270 days concurrent | | |
| 02 | 28-934 | Assault pub safety ofcr w/ bodily flu | 1 | MSD |
| | | Found: Guilty    Jail: 270 days concurrent | | |

**APPEARANCES AND ADVISEMENT**
  Judge              Thomas K Harmon
  Defendant          ARTHUR GRIFFIN JR in custody
  Defense Counsel    Holst,Jordan,Elizabeth
  Prosecutor         Laurie E Burgess

**TRIAL/MOTION HEARING**
  Trial held; Defendant found as shown above.
  Hearing held on: Trial
                   Bench Trial
  Exhibits introduced: Nos. 1_____
    Received 1_____ .

**SENTENCING**
  Defendant was granted allocution and sentence was pronounced by the Court.
  Defendant is sentenced to the Douglas County Correctional Center_____, for terms
    as shown above, and is to pay costs of this prosecution.
  Credit for 124 days served.
  Defendant to pay Court Costs         $49.00
                  Other                 $1.00

**WITNESSES**
  Witnesses:  Ofc. Dominic Lombardo      CALLED    For Plaintiff    ****
              Ofc. Iris Ortiz            CALLED    For Plaintiff    ****

**ADDITIONAL ENTRIES OF RECORD**
  Prior to receiving evidence, the Defendant in this case requested
  permission to represent himself pro-se.

  The Court conducted an inquiry on the record and heard submissions
  from both the State and the Defendant individually.
  For Good Cause shown, the Court determined that the Defendant
  understood the peril and consequences of representing himself and on
  that basis dismissed the Public Defender from serving as his counsel
  of Record.

  Trial commenced with Defendnat representing himself.

**FILED BY**
Clerk of the Douglas County Court
07/07/2023

CASE FILE COPY                                      JOURNAL ENTRY AND ORDER

Image ID: F00356250C01 | **JOURNAL ENTRY AND ORDER**

IN THE COUNTY COURT OF DOUGLAS COUNTY, NEBRASKA

ST V. ARTHUR GRIFFIN JR                                Printed on  7/07/2023 at 10:44
                                                                           Room 01C27
Case ID: CR 23    3447                                                        Page   2
Citation: K  1193846                                   Date of Hearing  7/07/2023
================================================================================

Hon. _____  7/07/2023    R.Barrett_____
         Thomas K Harmon                Date              Bailiff

                                                 Tape Nos. Digital Recording

Journal Entry and Order(s) copies to:
  Ashford,John,Paul,                CourtRegEfiling@cityofomaha.org
  DEFENDANT
  Holst,Jordan,Elizabeth            jordan.holst@douglascounty-ne.gov

**CASE FILE COPY**

**FILED BY**
Clerk of the Douglas County Court
07/07/2023

**JOURNAL ENTRY AND ORDER**